The CARPENTER FOUNDATION, INC., a
Delaware corporation, Respondent
Below, Appellant,

v.

WILMINGTON TRUST COMPANY, a Dela-
ware corporation, et al., Petitioner
Below, Appellee,

and

R. R. M. Carpenter, Jr., et al., Respondents
Below, Appellees.

Supreme Court of Delaware.

Argued Sept. 25, 1974.

Decided Oct. 23, 1974.

S. Samuel Arsht, Martin P. Tully and
Roger W. Arrington, Morris, Nichols,
Arsht & Tunnell, Wilmington, for The
Carpenter Foundation, Inc., respondent be-
low, appellant.

E. Norman Veasey, Richards, Layton &
Finger, Wilmington, for Wilmington Trust
Co., petitioner below, appellee.

Charles S. Crompton, Jr., Potter, Ander-
son & Corroon, Wilmington, Kenneth W.
Gemmill and Arthur C. Dorrance, Jr.,
Dechert, Price & Rhoads, Philadelphia, Pa.,
for R. R. M. Carpenter, III, and certain
other remaindermen, respondents below, ap-
pellees.

Before DUFFY, Justice, and McNEIL-
LY and BIFFERATO, Judges.

PER CURIAM:

Wilmington Trust Company filed a peti-
tion requesting instructions from the Court
of Chancery as to the proper distributees
under a trust agreement between Robert
R. M. Carpenter as Settlor and Petitioner
as Trustee, dated September 22, 1930. The
trust terminated on May 31, 1973 upon the
death of the life tenant, Margaretta du-
Pont Carpenter. Before distribution of the
corpus, two children of the Settlor, R. R. M.
Carpenter, Jr. and Irene Carpenter Draper,
disclaimed their respective one-fourth inter-
ests in the estate. The petition requested
that the Court determine whether the shares
disclaimed are (1) distributable to the dis-
claimants notwithstanding the disclaimers;
or (2) distributable to the disclaimants'
children; or (3) distributable to the chil-
dren of the Settlor who did not disclaim;
or (4) distributable to The Carpenter Foun-
dation, Inc.

The Court of Chancery concluded that
the disclaimers effectively accelerated the
remainder interests of the respective chil-
dren of Mr. Carpenter and Mrs. Draper,
who by operation of law thereby succeeded
to the interests of their respective parents
just as if such parents had predeceased the
life tenant.

We agree with that conclusion for the
reasons stated in the opinion of the Court
of Chancery, Del.Ch., 315 A.2d 625 (1974).

Affirmed.