No. 50,399

In the Matter of the Estate of Roy F. Burmeister, deceased.

(594 P.2d 226)

Opinion filed May 5, 1979.

*Kenneth P. Rockhill,* of Eureka, was on the brief for the appellant, The Fourth National Bank & Trust Company of Wichita.

*Ronald C. Myers,* of Chase & Myers, of Eureka, was on the brief for the appellee, trustee for the unborn lawful issue of Stephen K. Forbes and David Forbes, *pro se.*

The opinion of the court was delivered by

McFARLAND, J.: This is an appeal from the decision of the district court holding that certain disclaimers to a will were invalid, void, and of no force and effect. The appellant is the Fourth National Bank & Trust Company of Wichita, trustee of two trusts under the will. The appellee is Ronald C. Myers, the court appointed trustee for the unborn lawful issue of the individuals attempting to disclaim under the will.

The case is before us on an agreed statement of facts which is summarized as follows:

Roy F. Burmeister died testate on February 1, 1977, and was survived by his wife, Margaret Burmeister, and four grandchildren, Thomas, Stephen, David, and Deborah. The will was admitted to probate and two testamentary trusts came into being, the Roy F. Burmeister Trust and the Margaret Burmeister Trust. The testamentary provisions relevant to the matters before us are as follows:

"2.   Upon the death of my wife, Margaret, the trustee shall accumulate the net income, add it to, and invest it as principal until the death of George Forbes, father of my said grandchildren herein named, and his former wife, Joyce Forbes, who legally adopted my said grandchildren herein named, or until the youngest living grandchild named herein reaches the age of thirty-five (35) years, whichever event occurs last. My grandchildren herein referred to are Thomas R. Forbes, (born June 7, 1949) Stephen Kelly Forbes (born September 15, 1950) David Allen

Forbes (born September 15, 1950) and Deborah Sue Forbes Beal (born February 21, 1953).

"3. Upon the deaths of both the said George Forbes and Joyce Forbes above named and upon the youngest living grandchild named herein reaching the age of thirty-five (35) years, whichever event occurs last, my trustee shall transfer, pay over, deliver and convey said trust estate, with its accumulations and all undistributed net income to the said Thomas R. Forbes, Stephen Kelly Forbes, David Allen Forbes and Deborah Sue Forbes Beal or to the then living issue of either of them who may be deceased, per stirpes and not per capita. Provided, however, that no beneficiary, other than Thomas R. Forbes, Stephen Kelly Forbes, David Allen Forbes and Deborah Sue Forbes Beal as above set forth, shall be entitled to receive his share until he attains the age of twenty-one (21) years, and provided further, that if, in the judgment of the trustee, any beneficiary hereunder, of whatever age, is not capable of handling his or her share of said trust estate at the time of distribution then this trust shall continue as to such beneficiary so long as, in the sole discretion of the trustee, that condition shall exist. In both cases, however, the income from such beneficiary's share may be used for the benefit of such beneficiary or his or her issue so long as the beneficiary, in the opinion of the trustee, is not qualified to receive the principal as above set forth. Provided, however, that in no event shall any trust created under this provision continue longer than twenty-one (21) years after the deaths of my said grandchildren herein named who shall be living at the time of my death.

"4. If any of my four (4) grandchildren herein named shall die before actual distribution to him of his share of the trust, leaving no living lawful issue, his entire interest in the trust corpus and accumulated net income shall thereupon cease and terminate and his surviving brothers and sister named herein and the living lawful issue of any who are deceased shall succeed thereto, per stirpes and not per capita.

"If any of my four (4) grandchildren herein named shall die before actual distribution to him of his share of the trust, leaving living lawful issue, and any such issue shall die before actual distribution to him of his share of the trust, without issue, his entire interest in the corpus thereof and any accumulated net income shall thereupon cease and terminate and his then surviving brothers and sister and the living lawful issue of any who are deceased shall succeed thereto, per stirpes and not per capita. If there be no surviving brothers and sister and no living lawful issue then such share shall go to the survivor of my four (4) grandchildren herein named and to the living lawful issue of any who are deceased, per stirpes and not per capita.

"If, at any time after the death of my wife, Margaret, and during the existence of this trust, or any part thereof, all of my grandchildren herein named shall be deceased and there shall be no living lawful issue of my said grandchildren herein named, the trust, or such part as remains, shall cease and terminate and as soon thereafter as is reasonably possible, my trustee shall wind up and liquidate the trust and the entire then remaining corpus and accumulated net income shall by my trustee be paid over and distributed to the following two (2) institutions in equal shares, share and share alike: Shriners Hospitals for Crippled Children, a corporation, and Institute of Logopedics, Inc."

On October 28, 1977, within nine months after the death of the

decedent, two of the grandchildren (Stephen K. and David Forbes) filed disclaimers as follows:

"I . . . do hereby disclaim any and all right, title, and interest I may have in the Estate of Roy F. Burmeister or in the Roy F. Burmeister Trust in favor of the other heirs of the will of Roy F. Burmeister, deceased."

On June 2, 1978, appellee Ronald C. Myers, a member of the bar of Greenwood County, was appointed trustee to represent the unborn lawful issue of both Stephen K. Forbes and David Forbes (neither individual had lawful issue at the time, or, apparently, any immediate anticipation of acquiring any). Trustee Myers filed his written defenses to the petition for final settlement and said petition was transferred to the district court for determination. The district court heard the petition for final settlement and held:

"That the Disclaimers filed by Stephen K. Forbes and David Forbes on October 28, 1977, whereby each disclaimed any and all right, title and interest that he might have in the estate of Roy F. Burmeister or in the Roy F. Burmeister Trust in favor of the other heirs in the Will of Roy F. Burmeister, deceased, are invalid, void and of no force and effect."

The sole issue on appeal is whether the district court erred in holding the disclaimers of Stephen K. and David Forbes to be invalid, void and of no force and effect. By virtue of this determination, the court did not reach the question to which the parties devote the major portion of their briefs; namely, whether the disclaimers are effective as to the unborn issue of the disclaimants. We will first consider whether the district court erred in holding the disclaimers to be invalid. The Act on Disclaimer to Succession, K.S.A. 59-2291 *et seq.,* in relevant part, provides:

K.S.A. 59-2291:

"Any heir, next of kin, devisee, legatee, person succeeding to a disclaimed interest, beneficiary under a testamentary instrument or any person designated to take pursuant to a power of appointment exercised by or under a testamentary instrument may disclaim in whole or in part the succession to any property, real or personal, or interest therein by filing a written instrument within the time and in the district court as hereinafter provided. The instrument shall (*a*) describe the property or part or interest therein subject to the disclaimer, (*b*) a declaration of disclaimer and the extent thereof and (*c*) be signed and acknowledged by the disclaimant."

K.S.A. 59-2292:

"The disclaimer instrument shall be filed within nine (9) months after the death of the decedent or the donee of the power, as the case may be, or if the taker

of the property or interest is not then finally ascertained or if his or her interest has not become indefeasibly fixed both in quality and in quantity, then not later than nine (9) months after the event when the taker has become finally ascertained and his or her interest has become indefeasibly fixed both in quality and in quantity.

"Said disclaimer instrument shall be filed and recorded in the district court in which the estate of the decedent or the donee of the power is or may be administered."

### K.S.A. 59-2293:

"Unless the decedent or donee of the power has otherwise provided by will, the property or interest therein or part thereof disclaimed as provided in K.S.A. 59-2291 shall descend or be distributed as if the disclaimant had predeceased the decedent, or if the disclaimant be one designated to take pursuant to a power of appointment exercised by or under a testamentary instrument, then as if the disclaimant had predeceased the donee of the power. In every case the disclaimer shall relate back for all purposes to the date of death of the decedent or the donee, as the case may be.

. . . . .

"The right to disclaim shall exist irrespective of any limitation on the interest of the disclaimant in the nature of a spendthrift provision or similar restriction.

"A disclaimer when filed and recorded or a written waiver of the right to disclaim shall be binding upon the disclaimant or person waiving and all parties claiming by, through or under him or her."

There is a paucity of case law on the question before us. The vast bulk of the law of decedents' estates involves persons attempting to gain a share or increase their share of the estate rather than to divest themselves of their interest. It may be more blessed to give than to receive, but the case law indicates the litigants are usually concerned with more worldly interests.

Much could be written on precisely what type of future interest the disclaimants had. This determination is unnecessary as K.S.A. 59-2291 provides a person may disclaim any "interest," which is exactly what the disclaimants disclaimed. What, if anything, the disclaimants might ultimately receive was subject to change, but the disclaimers divested the disclaimants of "any and all right, title and interest" in the trusts. We have no hesitancy in concluding the district court erred in holding that the disclaimers were "invalid, void, and of no force and effect." The disclaimers were effective as to their makers, Stephen K. Forbes and David Forbes, and persons claiming by, through or under them.

Although, as previously stated, the district court did not reach the question as to the effect of the disclaimers on the unborn issue of the disclaimants, little would be gained by remanding this matter to the district court for this determination. The facts are

stipulated and the issue is a question of law. K.S.A. 59-2293 provides that a disclaimer is binding upon the disclaimant and *"all parties claiming by, through or under him or her."* Would the unborn issue be claiming by, through or under the disclaimants? We must look to the key provisions of the will to answer this question.

1. Upon the death of the decedent's widow, Margaret, the trustee is to accumulate the income and invest it until the death of George Forbes (father of grandchildren) and Joyce Forbes (adoptive mother of grandchildren), *or* until the youngest grandchild reaches age thirty-five, *whichever event occurs last.*

2. When the events stated in the preceding paragraph have occurred, the trustee shall transfer the trust estate to the four named grandchildren or to the then living issue of any deceased grandchild, per stirpes and not per capita. No issue of the grandchild may receive a share until achieving age twenty-one. If a grandchild is deceased at the time of the distribution and leaves no lawful living issue, then his or her share is divided among the surviving grandchildren, or if any of them be deceased, then the division goes to the lawful living issue.

We conclude the lawful issue of the named grandchildren have the independent right, by virtue of the language of the will, to take at the time of distribution of the trust estate if such issue have outlived the named grandchild-parent. By so surviving their parent, the issue have independent rights to their parent's share, as well as an interest in the share of one or more of the other grandchildren (aunts or uncles) who may have died without surviving lawful issue. Such issue would not be taking by, through or under the parent, but would be taking, pursuant to the will, by having outlived the parent. If the disclaiming grandchildren survive to the time their share would be distributed to them but for their disclaimers, their issue would be precluded from participation in the trust estate. The disclaimers, however, cannot affect the aforestated independent right of the unborn issue.

This resolves the matters before us. In conclusion, however, it should be stated that there is no legal reason to continue the trust for the unborn issue of the disclaimants. Having determined that such unborn issue have an independent right under the will, the appellant-trustee bank has the fiduciary duty to protect their interests. It would be an unnecessary expense to the trust estate to

continue the present arrangement of a separate trustee for the unborn issue of the disclaimants.

The judgment is reversed and remanded with directions to enter judgment in accordance with the views expressed in this opinion.