PALMER,
*Respondent,*

*v.*

WHITE,
*Appellant.*

(50-87-09812; CA A50884)

784 P2d 449

Michael P. Kearney, Eugene, argued the cause for appellant. With him on the briefs were Michael P. Kearney, P.C., and L. Scott Lockwood, Eugene.

William R. Turnbow, Eugene, argued the cause for respondent. With him on the brief were Hershner, Hunter, Moulton, Andrews & Neill, and David N. Andrews, Eugene.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Defendant is the personal representative of testatrix' estate. He appeals a judgment that declared that plaintiff's "partial disclaimers" are valid and that the disclaimed property passes to her immediately, and free from trust, under Article VII of the will. We affirm.

The facts are not in dispute. Testatrix had two children, a son and plaintiff. The son predeceased testatrix without issue. After testatrix died, the court admitted her will to probate and, in accordance with it, appointed defendant personal representative.

Articles I through V and IX through XII of the will concern general matters and specific bequests. Article VI devises the residue of the estate in trust to defendant as trustee. Under paragraphs (a) through (c) of Article VI, the trustee is to pay several named beneficiaries the aggregate sum of $4,800 per year for ten years from the date of testatrix' death. Article VI(d) directs the trustee to pay plaintiff $200 per month during the same period. Article VI(f) directs that, ten years after testatrix' death, the trustee shall distribute the principal and accumulated income of the trust to several named beneficiaries, with 45 percent going to plaintiff.[1] Article VII provides:

> "If under *any contingency not herein provided for* either under my estate or under any trust created in this instrument, *there remains property for which there is no named or described beneficiary,* either as to principal or income, such property shall be distributed forthwith: one-half to those persons then living who would be entitled to receive my spouse's intestate personal property and one-half to those persons then living who would be entitled to receive my intestate personal property as determined by the laws of the State of my domicile in force at that time." (Emphasis supplied.)

Plaintiff is the only person living who would be entitled to receive intestate personal property. Article VIII forbids the beneficiaries from anticipating or disposing of interests in the trust or its income before the established times for distribution, but it also states: "The limitations herein shall not restrict the exercise of * * * the right to disclaim."

---

[1] Article VI(e) relates to plaintiff's use of testatrix' home and is not material to the questions on appeal.

Plaintiff timely executed and delivered to defendant two documents, which disclaim

> "[a]ny and all interests, whether present or future, in and to the property that is described and included in Article VI, [paragraphs (d) and (f),] of the Last Will of [testatrix] dated November 14, 1986."

Each disclaimer states that it is without prejudice to any other right or interest that plaintiff may have under the will. Each further provides:

> "This Partial Disclaimer shall be null, void and of no force and effect whatsoever just as if it had never been executed by me and delivered to the personal representative of the estate of [testatrix] if it shall be determined by a court of competent jurisdiction that the effect of this disclaimer is other than to entitle me to receive the above disclaimed property outright and free of trust and free of the provision in the will postponing distribution of the trust principal and accumulated income until ten years following the date of the decedent's death."

Plaintiff filed this declaratory judgment action, asking the court to determine that the effect of the disclaimers is to entitle her "to a distribution of 45% of the residue of the estate at the time of closing." Both parties moved for summary judgment. The court granted plaintiff's motion and entered a judgment in her favor, from which defendant appeals.[2]

Defendant first assigns error to the trial court's holding that "[p]laintiff's partial disclaimers are valid and enforceable." He makes two arguments: The disclaimers are "null and void by their own terms"; and they fail to comply with the requirements of the Uniform Disclaimer of Transfers by Will, Intestacy or Appointment Act, ORS 112.650 to ORS 112.667 (the act). Neither contention is well taken.

First, defendant asserts, plaintiff "has disclaimed her interest in the property itself, not her right to succession of it"; therefore, she cannot take the property through Article

---

[2] On January 11, 1989, *nunc pro tunc* December 21, 1988, the court entered an amended final judgment. It made the terms of the original judgment, which had named only the personal representative, binding against all defendants. None of the other defendants appealed.

VII of the will, even though the disclaimers refer only to Article VI. If plaintiff has no right to take the property under any provision of the will, defendant concludes, she expressed her intention that the disclaimers have no effect. Second, says defendant, the disclaimers are equivocal, because plaintiff rescinded them if their effect were not what she intends it to be. For that reason, "the disclaimant is not disclaiming" within the meaning of the act.

Defendant's is an overly technical reading of both the act and the disclaimers. The act contains only one provision, ORS 112.652, pertaining to the contents of a disclaimer:

> "A person * * * may disclaim in whole or in part the right of succession to any property or interest therein, including a future interest, by delivering a written disclaimer under ORS 112.650 to 112.667. A disclaimer may be of a fractional share or of any limited interest or estate. The instrument shall describe the property or interest disclaimed, declare the disclaimer and extent thereof, and be signed by the disclaimant."

The phrase "right of succession" describes what a person may disclaim, but the statute does not require that the instrument contain those specific words to be effective. Moreover, ORS 112.652 permits the disclaimer of "any limited interest or estate" and the retention of other interests. Plaintiff limited her disclaimers to the interests that would pass to her under Article VI(d) and (f) of the will. The inclusion of a condition that would rescind the disclaimers if a court found that they had an unintended effect does not render them invalid. *See* ORS 112.660(1)(c); *Wilmington Trust Company v. Carpenter,* 315 A2d 625, 627, 630 (Del Ch), *aff'd* 328 A2d 141 (Del 1974). ORS 112.652 allows a person to "declare the * * * extent" of the disclaimer, and that is what plaintiff did. The disclaimers here meet all of the statutory criteria and are effective to disclaim only the described interests under Article VI(d) and (f). *See In re Estate of Burmeister,* 225 Kan 807, 810, 594 P2d 226 (1979). Plaintiff's motive in choosing to disclaim does not affect the validity of her disclaimers.

According to defendant, it would "pervert the policy of the Act" to give effect to the disclaimers, because the result is "to defeat a testatrix's [*sic*] intentions and accelerate [plaintiff's] interest under a spendthrift trust." By definition, a disclaimer necessarily defeats the testator's intentions to

some extent. ORS 112.660(2) expressly allows a disclaimer to defeat the intention to create a spendthrift trust:

"The right to disclaim exists notwithstanding any limitation on the interest of the disclaimant in the nature of a spendthrift provision or similar restriction."

Had the legislature intended to preclude one who disclaims from acquiring any interest in the property disclaimed, it could have done so, *see* IRC § 2518(b)(4),[3] but it did not.

■ Defendant's second assignment of error is that the trial court erred in determining that the disclaimed property passes "to Plaintiff under Article VII of the will of [testatrix]." Instead, he argues, the property should pass under ORS 112.657(1), which prescribes the devolution of a disclaimed interest "[u]nless the decedent * * * has provided for another disposition." Defendant argues that a will must *"expressly* state that it is to apply to [disclaimed] property" to constitute "another disposition" under ORS 112.657(1). (Emphasis defendant's.) In the alternative, he contends that Article VI(f), not Article VII, provides "another disposition," or that, at least, the will is ambiguous.

We have found no expression of legislative intent, and defendant cites no relevant authority, to support his claim that a will must expressly relate to the disclaimed property to provide "another disposition" under ORS 112.657(1). We reject that interpretation. Plaintiff's disclaimers are a contingency for which testatrix did not otherwise provide in the will. The result is "property for which there is no named or described beneficiary" that is disposed of by Article VII. ORS 112.657(1) does not apply.

Article VI(f) provides for the disposition of the trust funds "[i]f any person named as beneficiary of this trust should predecease me or should die before disbursement under this trust." Because plaintiff is not dead, Article VI(f) plainly

---

[3] IRC § 2518(b)(4) provides that a person makes a qualified disclaimer, *i.e.*, one that is effective for tax purposes, if

"as a result of such refusal, the interest passes without any direction on the part of the person making the disclaimer and passes either—

"(A) to the spouse of the decedent, or

"(B) *to a person other than the person making the disclaimer.*" (Emphasis supplied.)

does not control. The will is not ambiguous. The trial court did not err.

Affirmed.